UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CUMAICA CORPORATION,<br><br>　　　　　Defendant. | Case No. 21-cv-07867-EMC<br><br>**ORDER TO SHOW CAUSE** |

　　　　Plaintiff Brian Whitaker has sued Defendant Cumaica Corporation for violations of the Americans with Disabilities Act and the California Unruh Civil Rights Act. Mr. Whitaker alleges that he is a quadriplegic who uses a wheelchair for mobility and that, in September 2021, he went to Cumaica Coffee (which is owned by Cumaica Corporation and is located in San Francisco), but it did not have "wheelchair accessible dining surfaces in conformance with the ADA Standards." Compl. ¶ 10 (specifying that one problem encountered was "insufficient toe and knee clearance under the dining surfaces"). According to Mr. Whitaker, he

> will return to Cumaica Coffee to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that Cumaica Coffee and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

Compl. ¶ 20.

　　　　Currently, Mr. Whitaker has a motion for default judgment pending with the Court. That motion is currently set for hearing on July 28, 2022. However, the Court temporarily **VACATES**

the hearing on the motion for default judgment and issues the following **ORDER TO SHOW CAUSE**. *See, e.g.*, *Johnson v. T&V Investment, Inc.*, No. C-21-9060 VC (N.D. Cal.) (Docket No. 26) (order to show cause).

First, with respect to the ADA claim, Mr. Whitaker is ordered to show cause as to why the claim should not be dismissed for lack of Article III standing. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211 (U.S. 9th Cir. 2021) ("Congress crafted the ADA so that the only remedy available in private suits is prospective injunctive relief, and damages are only available in suits that the Government elects to bring."); *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) ("[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation."). In response, Mr. Whitaker must file a declaration substantiating his allegation that he intends to return to Cumaica Coffee or would but for the ADA violation. Furthermore, given the allegations of the San Francisco and Los Angeles District Attorneys regarding the conduct of the Potter Handy firm and its clients, Mr. Whitaker's declaration must substantiate, in detail, the allegation that he visited the establishment in the first place, including the precise date of the visit. *See People v. Potter Handy LLP*, No. CGC-22-599079 (Cal. Super. Ct.). The declaration shall also state how many other business establishments, if any, Mr. Whitaker visited on that date and where they are located. *See generally Whitaker v. Peet's Coffee*, No. C-21-7055 WHA (Docket No. 36) (order, filed on 3/31/22) (considering declaration submitted by plaintiff as well as deposition testimony by plaintiff; concluding that "plaintiff is an ADA tester who lives far away from Burlingame, has no history of regularly visiting Burlingame, and has no specific plan to visit in the future"). The Court may schedule an evidentiary hearing to test the veracity of the jurisdictional allegations submitted in response to this order to show cause. *See generally Whitaker v. Slainte Bars LLC*, No. 21-cv-03750-JSC, 2022 U.S. Dist. LEXIS 81889 (N.D. Cal. May 5, 2022) (holding an evidentiary hearing and concluding that plaintiff lacked standing). Assuming that Cumaica Corporation has made an appearance in the case, the Court may also give

Cumaica Corporation the opportunity to conduct jurisdictional discovery relative to standing.

Second, Mr. Whitaker is ordered to show cause as to why the Court should exercise supplemental jurisdiction over the state law claim. "When a 'high-frequency' litigant asserts a California Unruh Act claim in federal court alongside an ADA claim, this will typically constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim." *Johnson v. T&V Investment, Inc.*, No. C-21-9060 VC (N.D. Cal.) (Docket No. 26) (Order at 1).

Mr. Whitaker shall file a response to this order to show cause within three weeks of the date of this order. Failure to respond shall result in a dismissal of this action with prejudice. In the meantime, all other deadlines are vacated in this case (which includes, as noted above, the hearing on the motion for default judgment), and the parties are temporarily relieved from the requirements of General Order 56.

**IT IS SO ORDERED**.

Dated: June 14, 2022

_____
EDWARD M. CHEN
United States District Judge

3