UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>CUMAICA CORPORATION,<br><br>    Defendant. | Case No. 21-cv-07867-EMC<br><br>**SUPPLEMENTAL ORDER TO SHOW CAUSE** |

On June 14, 2022, the Court temporarily vacated the hearing on Plaintiff's motion for default judgment and issued an Order to Show Cause. *See* Docket No. 17 ("OSC"). The Court ordered Mr. Whitaker to show cause as to why his ADA claim should not be dismissed for lack of Article III standing, and specified that "Mr. Whitaker must file a declaration substantiating his allegation that he intends to return to Cumaica Coffee or would but for the ADA violation." *Id.* at 2. The Court further explained that "given the allegations of the San Francisco and Los Angeles District Attorneys regarding the conduct of the Potter Handy firm and its clients, Mr. Whitaker's declaration must substantiate, in detail, the allegation that he visited the establishment in the first place, including the precise date of the visit." *Id.* The Court instructed that "[t]he declaration shall also state how many other business establishments, if any, Mr. Whitaker visited on that date and where they are located." *Id.* The Court also ordered Mr. Whitaker to show cause as to why the Court should exercise supplemental jurisdiction over the state law claim. *Id.* at 3.

In response, Plaintiff filed a brief arguing why the Court should exercise supplemental jurisdiction over the state law claim. *See* Docket No. 20. However, as to the first topic detailed in the Court's order to show cause, Plaintiff's counsel filed a declaration referring the Court to Mr. Whitaker's previously filed declaration, Docket No. 15-4, in which he states that he visited

Cumaica Coffee on September 26, 2021.  *See* Docket No. 20-1 ("Clipner Decl.") ¶¶ 3-4. Additionally, Ms. Clipner requested clarification as to "what the Court is asking for regarding how many business establishments Plaintiff visited and where they are located, because the Court did not ask for other lawsuits of Plaintiff or if the Court is asking for businesses Plaintiff entered for personal purposes." *Id.* ¶ 5.

The Court clarifies that Mr. Whitaker must state how many other business establishments he visited on September 26, 2021 *in total*, whether or not Mr. Whitaker ultimately initiated litigation against those establishments.  If Mr. Whitaker did initiate litigation against any of the establishments that he visited on that date, Mr. Whitaker is ordered to so specify in his declaration, and include the case numbers of any such actions.

Furthermore, the Mr. Whitaker is reminded, again, of the Court's previous order requiring him to "file a declaration substantiating his allegation that he intends to return to Cumaica Coffee or would but for the ADA violation" and to "substantiate, in detail, the allegation that he visited [Cumaica Coffee] in the first place."  OSC at 2.  The Court observes that the previously-filed declaration to which Plaintiff's counsel refers, Docket No. 15-4, lacks factual substantiation as to these topics.  The declaration does not explain why Mr. Whitaker chose to visit this business and why the Court should credit his assertion that he intends to visit the business again even though he lives in another part of the state.  Should Mr. Whitaker have any further details to specify in response to the Court's initial order to show cause, the Court affords Mr. Whitaker another opportunity to submit those details in a sworn declaration.

Mr. Whitaker's response to this supplemental order to show cause and clarification is due on **July 25, 2022**.

**IT IS SO ORDERED**.

Dated: July 19, 2022

_____
EDWARD M. CHEN
United States District Judge

2